CHAPIN KEITH *v.* IRA DAY.

If one convey land, sequestered to the use of the University of Vermont, and covenant to warrant and defend the same against all lawful claims, this covenant extends to the claim of the University for rent.

If the rent be permitted to run behind, and the grantee suffer an eviction, in consequence of not paying it, he may recover the value of the land, at the time of eviction, as damages for the breach of such covenant.

But if in such case the grantee have conveyed some portion of the land to others, by deed of release merely, he cannot recover damages for such portion of the land, although the eviction extended to the whole parcel.

*Quære*, whether he might not have recovered damages for the entire breach of the covenant, if he had conveyed by deed of warranty.

Any conveyance of the land, after the eviction, will not affect the right of recovery.

THIS was an action of covenant broken.

The plaintiff, in his declaration, alleged, in substance, that the defendant, on the fourth day of March, 1806, by his deed of that date, duly excuted, &c., conveyed to one John Baker, his heirs and assigns, a parcel of land in Barre, containing sixteen and one half acres, (describing it by metes and bounds,) and in his said deed covenanted that he would warrant and defend said premises against all lawful claims of all persons whomsoever ; — that said Baker, afterwards, to wit, on the 7th day of May, 1817, by his deed of warranty of that date, duly executed, &c., conveyed fifteen acres of said land (describing it by metes and bounds) to Joel Steele, his heirs and assigns ; that afterwards, to wit, on the 9th day of April, 1818, the said Steele, by his deed of warranty of that date, conveyed said last mentioned land to the plaintiff, his heirs and assigns ; that afterwards the corporation of the University of Vermont prayed out their writ of ejectment, made returnable to the November term, 1838, of Washington county court, against the plaintiff in this suit, to recover the seizin and possession of said last mentioned land, which writ was duly served and returned to said court, and such proceeding were thereon had that, at the term of said court held on the third Tuesday of November, 1839, the said corporation recovered judgment against the plaintiff in this suit for the seizin and possession of said land, and $37.-50, damages, and $19.37, costs, and that the said corporation recovered said judgment upon an elder and better title than the title derived from the defendant, and that the defendant was cited in to defend said suit in favor of said corporation against the plaintiff in this suit.

The defendant pleaded in bar of the action, as follows ; that the premises, described in the plaintiff's declaration were in and by the original charter of said town of Barre, granted to, and for the use of a college in this state, and all lands so granted for the use of a college, are subject to the payment of annual rent, to wit, seventeen cents per acre, by all persons who occupy and possess them, under a conveyance from such college; that, on the 15th day of January, A. D. 1801, the corporation of the University of Vermont, by indenture of lease, in writing, of that date, duly executed, for the consideration of the annual rent of seventeen cents per

acre, leased to Moses Rood of Barre, aforesaid, his executors administrators and assigns, as long as water runs or grass grows, the following tract or parcel of land, described in said indenture, to wit, "the second division lot, laid out, surveyed, and drawn as a second division lot to the original right granted to, and for the benefit and use of a college, containing one hundred acres of land," which said lease was recorded in the record of lands in the said town of Barre, on the 20th day of November, A. D. 1804, and the said Day avers that the premises described in the plaintiff's declaration are a part of said second division college lot above described, and that, on the 20th day of April, A. D. 1805, the said Moses Rood, by his deed of that date, executed in due form of law, for the consideration of the sum of two hundred and twenty-five dollars, sold and conveyed said premises in said declaration described, to one John Belding, of said Barre, and in said deed described them as a part of said second division lot drawn to the college right, and on the same 20th day of April, the said John Belding procured his said deed from the said Rood to be duly recorded in the record of lands in said town of Barre ; and the said Day further says that on and prior to said 4th day of March, A. D. 1806, he was seized in fee of said premises in said declaration described, by virtue of a legal deed of conveyance from the said John Belding, subject to no charge or condition but the annual payment of a rent of seventeen cents per acre, thereafter to be paid to said university ; that, being so seized and possessed of said premises, he, the said Day, on the 4th day of March, A. D. 1806, sold and conveyed said premises to the said John Baker, who then well knew that the said premises were a part of said college lot and subject to an annual rent of seventeen cents per acre ; that the said John Baker, on the 7th day of May, A. D. 1817, by his deed duly executed, for the consideration of five hundred dollars, sold and conveyed said premises to one Joel Steele, and in said deed described said premises as a part of said second division college lot, and said deed was, on said 7th day of May A. D. 1817, duly recorded in the record of lands in said town of Barre ; that, on the 9th day of April, A. D. 1818, the said Joel Steele, by his deed duly executed, for the consideration of four hundred and fifty eight dollars, sold and conveyed said premises to the said Chapin Keith, and in

said deed described said premises as a part of said second division college lot ; and the said Day further says that on the 30th day of September, A. D. 1831, the said Chapin Keith, for the consideration of ten dollars to him in hand paid by John Moore Jr., sold and conveyed, by deed duly executed, to said John Moore, Jr., a part of said premises in said declaration described, and in, and by, said deed, covenanted with the said Moore that he, the said Keith, would warrant and defend said premises to said Moore, his heirs and assigns, against all lawful claims and demands of any person or persons whatever, except the annual rent due to the University of Vermont; that on the 18th day of Nov. A. D. 1831, the said Chapin Keith, for the consideration of twenty five dollars, to him in hand paid by Smith Sherman, sold and conveyed, by deed duly executed, to said Sherman another part of said premises, and in, and by, said deed covenanted with the said Sherman that he, the said Keith, would warrant and defend the same to him, the said Sherman, his heirs and assigns, against all lawful claims and demands whatever, except the annual rent due to the corporation of the University of Vermont; that on the 3d day of April, A. D. 1840, the said Chapin Keith, for the consideration of four hundred dollars, to him in hand paid by William Bassett, sold and conveyed, by deed duly executed, to said William Bassett another part of said premises and in and by said deed, he, the said Keith, covenanted with the said Bassett, that he, the said Keith, would warrant and defend said premises to the said Bassett, his heirs and assigns, against all lawful claims and demands of any person or persons whatever, except a yearly rent to be paid the University of Vermont ; that, on the 24th day of March, A.D.1841, the said Keith, for the consideration of four hundred and fifty dollars, to him in hand paid by one Orsamus Walker, sold and conveyed, by deed duly executed, to said Walker another part of said premises and in and by said deed he, the said Keith, covenanted with the said Walker that he, the said Keith, would warrant and defend said premises to the said Walker, his heirs and assigns, against all lawful claims and demands of any person or persons whatever, except the annual rent due the University of Vermont ; and the said Day avers that in all the aforesaid deeds, executed by the said Keith, of parts of the aforesaid premises, he, the said Keith,

excepted said annual rent to the corporation of the University of Vermont from his covenants in said deeds, and in no way or manner obligated himself to pay said rent, or any part thereof; and the said Day further says that the aforesaid conveyances, made as aforesaid by the said Keith, convey and transfer the title to the said grantees of the whole of the aforesaid premises in said second count described, except (discribing a part thereof) of the value of $50 ; and the said Day doth further aver that the several persons through whose hands said premises were passed and by whom the same were conveyed to the said Keith, as in the said declaration mentioned and described, during the time they owned and held the title to said premises, severally paid to said University the annual rent due theron, and the said Keith, since he has owned and possessed said premises, and after conveyance therof to him, at various times, paid the said annual rent to the said University of Vermont, which accrued while he so held, owned, and possessed said premises under his said deed from the said Steele ; and the said Day further says, that, on the 22d day of August, A. D. 1838, the day on which said action of ejectment in said declaration mentioned, was commenced, there was then due to said University a great arrear of rent, to wit, $35.00, the whole of which had accrued subsequently to the 9th day of April, 1818, and while the said Keith held and possessed said promises under his said deed from the said Steele, and that for the non-payment of this rent, which it was the duty of said Keith to pay, and for no other cause, was said action of ejectment, in said declaration mentioned, commenced, prosecuted and a recovery had thereon by the said corporation of the University of Vermont against the said Keith ; and the said Day further says, that, in said action of ejectment in favor of the said corporation of the University of Vermont against the said Keith, judgment was rendered for $37,50 damages, which was for the amount of rent due to said University up to the commencement of said action of ejectment, and the interest thereon ; that afterwards, to wit, on the 14th day of April A. D. 1840, the said Keith paid to the said corporation of the University of Vermont the amount of damages aforesaid so recovered in said action of ejectment, as aforesaid, and the cost of the said suit, and has ever since said recovery and the payment of said damages and cost pos-

sessed, enjoyed, and occupied said premises under his said deed from the said Steele, with the assent and permission of said corporation of the University of Vermont ; and the said Day further says that, after the recovery in said action of ejectment, and the payment of said damages and cost, said corporation of the University of Vermont did not claim that the said Keith should surrender the possession of said premises, or accept from them a new lease of the same, but suffered him to occupy, possess, and enjoy said premises under his aforesaid deed from the said Steele, in the same manner he did before the commencement of said action of ejectment, all which the said Day is ready to verify, &c.

To this plea the plaintiff replied, that, by reason of any thing in said plea set forth and stated, he ought not to be barred from having and maintaining his said action, because, he says though true it is that the premises described in the plaintiff's declaration are a part of the second division lot, laid out, surveyed and drawn to the original right granted to the use and benefit of a college, and said lot was, by the corporation of the University of Vermont, leased to the said Moses Rood as in said plea mentioned, yet that the said Moses Rood, on the 20th day of April, A. D. 1805, by his deed of that date, executed in due form of law, for the consideration of two hundred and twenty-five dollars, paid him by one John Belding, did sell and convey to said Belding the same premises, in said declaration mentioned, in fee, and did, in and by said deed, covenant to and with said Belding, his heirs and assigns, that said premises were free from all incumbrances, and that he, the said Rood, would warrant and defend the same against all lawful claims whatever; that, afterwards, the said John Belding, by his deed, dated November 19, 1806, duly executed, for a valuable consideration, sold and conveyed the same premises to the said Ira Day, without stipulations or reservations for the payment of the rent on said premises by said Day, which deed was, and is, all the title said Day ever had in, or to, said premises. And now, the plaintiff in fact saith that the said Moses Rood, from the time of his executing his aforesaid deed to John Belding of the premises therein described, to the time of his, said Moses', death, which took place about the year 1830, always acknowledged his liability to pay, and, from year to

year, all the years up to his death, in fact, did pay, to the corporation of the University of Vermont, all the rent on the same land deeded by him to said Belding, and described in the plaintiff's declaration, together with the rent on the residue of said lot. And that the several persons, through whose hands said premises were passed from said Rood, and by whom the same were conveyed to this plaintiff, as in the said declaration mentioned and described, during the time they owned and held the title to said premises, did not severally, or in any other manner, pay to said University the annual rent thereon, and of this he puts himself on the country for trial.

To this replication the defendant demurred specially, and set down the following causes of demurrer, viz. that the plaintiff hath in his replication set up new facts to avoid the defendant's plea in bar, and thereupon tendered an issue to the country when he ought to have ended with a verification, and also for that the said replication is, in other respects, uncertain, defective, and informal.

The county court decided that the replication was sufficient, and the defendant excepted to the decision. The plaintiff then insisted that the rule of damages should be the value of the land from which he had been ousted by the judgment in the suit in favor of the University of Vermont against him ; but the court decided that the plaintiff could recover in damages only the amount of the damages and costs and interest thereon, recovered against him in said ejectment suit of the University of Vermont. To this decision the plaintiff excepted.

*N. Kinsman* and *P. Dillingham,* for plaintiff.

I. The case shows that though the premises in question were called college lands, yet that all the deeds from Moses Rood down to Keith, were deeds of warranty, with all the usual covenants of seizin and title, containing no allusion to rent or reservation about its payment.

In order to qualify the construction to be put upon those deeds, the defendant, by his plea, alleges that all the several grantees, from Rood down to Keith, severally paid rent to the University while they held the premises, and acknowledged thereby their obligation so to do. This fact the replication traverses.

The replication contains no new issuable fact. All that is said in it about Rood's deed to Belding and Belding's deed to the defendant, is but affirming or admitting what defendant has alleged in his plea. That part, therefore, is at most but surplussage, and, if left out, leaves a good traverse of the main fact relied on by defendant.

The demurrer is, therefore, badly taken. But were the replication bad for the cause assigned, yet the pleas are bad, disclosing nothing to qualify the natural force of defendant's covenants in his deed to Baker.

It is wholly immaterial that Baker knew that the premises were a part of the college lot, and consequently subject to rent. Each grantee looked to the grantor's covenant of title as a guaranty against that rent which it was the grantor's business to keep down.

We think the cases cited by defendant, from 1 Term R. 2 & 4, N. H. and other kindred authorities, do not authorize any modified construction of this deed, in this case. See 7 Term R. 703.

II. Admitting the plaintiff's right to recover, what should be the rule of damages ? The declaration charges, and the defendant's plea admits, a legal ouster. *Williams* v. *Wetherbee,* 1 Aik. R. 233. In such case, the rule of damages is well settled to be the value of the premises at the time of the ouster. *Strong* v. *Shumway,* D. Chip. R. 110 ; *Park* v. *Bates,* 12 Vt.-R. 381. Can a case be found where the grantee is bound at his peril to extinguish and keep down incumbrances, where there is a general warranty ? And as the declaration shows that the defendant in this case was cited in to defend the suit of the University against plaintiff, he cannot complain that the land was lost. Nor, can the fact that the University have permitted him to remain in possession of the premises since the recovery, vary the rule of damages. He may have re-purchased, or the University may take them away to-morrow.

*W. Upham* and *L. B. Peck,* for defendant.

The plaintiff's right of recovery depends upon the construction given to the defendant's deed to Baker, dated March 4, 1806. It appears from the pleadings that the land conveyed by the defendant to Baker was a part of the college

right ; and that all lands granted by charter for the use of a college are subject to an annual rent of seventeen cents per acre ; and it further appears that Baker, at the time he received his deed, well knew that the land was a part of the college right, and subject to the aforesaid rent. We insist that the covenant of warranty, in defendant's deed to Baker, does not extend to the annual rent due the college. It is evident, from the facts set forth in the plea, that the parties did not consider it within the meaning of the defendant's covenants at the time of the conveyance. This reservation of rent was well known to Baker when he received his deed, and it was a matter of public notoriety, that all college lands in this state were subject to such rent. In view of the facts in this case, it seems to us that the court are not absolutely bound by the terms of the defendant's deed to Baker to put the construction upon it for which the plaintiff contends. It should be construed with reference to its subject-matter, and the intention of the parties at the time it was made. *Doe* v. *Burt,* 1 T. R. 701 ; *Watts* v. *Wellman,* 2 N. H. R. 458 ; *Ten Broeck* v. *Livingston,* 1 Johns. Ch. R. 357, 362 ; *Jackson* v. *Hoffman,* 9 Cowen, 271. The situation of land at the time a deed was executed, may be proved and taken into consideration in giving a construction to it. *Webster* v. *Atkinson,* 4 N. H. R. 21, 24 ; *Crosby* v. *Parker,* 4 Mass. R. 110 ; *Worthington* v. *Hylyer et al.,* 4 Mass. 196 ; 1 Shep. Touch. 169, 197 ; 3 Comyn's Dig. 262, 266 ; *Thead* v. *Starkie,* 8 Mod. 314 ; *Combe* v. *Jones,* 2 Chitty's R. 700 ; *Cooke* v. *Boothe,* 2 Cowp. R. 819, 822 ; *Lant* v. *Norris,* 1 Burr. 289 ; *Dudley* v. *Tolliott,* 3 T. R. 584 ; *Spring* v. *Tongue,* 9 Mass. R. 28.

2. The replication to our plea is manifestly insufficient. The material facts in the plea are not admitted and avoided, nor denied. The new matter introduced into the replication, that Rood paid the rent from 1805 to 1830, is of no importance. If, however, the court should consider it important; then we say the replication should have concluded with a verification, and not to the country. 1 Chit. Pl. 656–659.

3. If the plaintiff is entitled to recover, the judgment of the court below should be affirmed, for the rule of damages there adopted was correct. We are aware of the general rule in actions of this kind, that the measure of damages is

the value of the land at the time of the eviction. *Strong* v.
*Shumway*, 1 D. Chip. R. 110 ; *Williams* v. *Wetherbee*,
2 Aik. R. 339 ; *Park* v. *Bates*, 12 Vt. R. 381. But there
are exceptions to this rule ; and this case, we think, is one.
Here the plaintiff has not been ousted of the full value of the
premises. All he has lost by the alleged ouster is the amount
of the rent recovered of him by the college in 1839, and the
costs of the suit, and that is all he is entitled to recover.
*Strong* v. *Shumway*, 1 D. Chip. R. 110 ; *Niles* v. *Sawtell*,
7 Mass. R. 444 ; *Boothe* v. *Starr et al.*, 1 Conn. R. 244 ;
*Lockwood* v. *Sturdavent*, 6 Conn. R. 373, 391 ; 1 Swift's
Dig. 366. But there is another reason why the rule of dam-
ages adopted by the county court should be sustained. It is
this : the plaintiff, after the recovery by the college, sold and
conveyed the premises to some two or three individuals in
Barre, and received in cash all they were worth at the time
of the alleged ouster, and all his deeds of the same contain
a covenant, that he would warrant and defend the premises,
&c., against all lawful claims and demands of any person or
persons whatever, " *except a yearly rent to the University
of Vermont.*" So the court will perceive, if the rule of
damages contended for by the plaintiff prevails, he will re-
ceive the value of the premises twice. A rule, productive of
such consequences, this court, we think, will never adopt.
Again ; it is alleged in the plea in bar, and not denied in the
replication, that the University of Vermont, after the recov-
ery and payment of the damages and costs, did not claim
that the plaintiff should surrender up the possession of the
premises, or receive a new lease, but suffered him to occupy,
possess, and enjoy them under his deed from Steele, in the
same manner he did before the commencement of the action
of ejectment. The recovery by the University, under the
circumstances of this case, can hardly be called a breach of
the covenant of warranty. *Kere* v. *Shaw et al.*, 13 Johns.
R. 238 ; *Waldron* v. *M'Carty*, 3 do. 471 ; *Knots* v. *Car-
penter*, 5 do. 120. But, if the court feel bound so to con-
sider it, actual damage is all the plaintiff should recover.
*Barnes* v. *Larnard*, 5 N. H. R. 264 ; *Morse* v. *Shaddock*,
4 do. 226 ; *Leland* v. *Stone*, 10 Mass. R. 459.

WASHINGTON,
*March,*
1843.

Keith
*v.*
Day.

The opinion of the court was delivered by

REDFIELD J. — The first question made in the case is, whether the covenants in defendant's deed, of general warranty of title, are to be considered as a covenant against the claim of the University for rent. The terms of the covenant are to warrant and defend the premises against the claims of *all* persons. Now it is not very obvious how the fact that this land was college land, subject to a rent to be paid annually, should affect the construction of this covenant so as to except that claim from its operation. The fact that both parties knew of this claim, and that the one *insisted upon,* and the other *gave,* a *general* covenant of warranty against *all* claims, without exception, would seem the best of all reasons why that claim, which was in the minds of the contracting parties, at the time of entering into the covenant, and which was clearly within the terms used, " all claims," should not, by any *construction,* be taken out of its operation.

So too the subsequent conduct of the parties to a deed, or of their grantees and assignees, may be an important ground of fixing the signification of *equivocal* terms used in the deed ; but where the terms used are explicit, and *unequivocal,* no such ground of construction can ever be resorted to, at least in a court of law. If such facts exist as to show a mistake of the parties in reducing their contract to writing, the party injured is not without remedy.

2. The only remaining question is in regard to the damages. As we cannot leave the covenant still open, to compensate plaintiff, or his assignees, for future claims of rent, but one recovery must be considered a full satisfaction, it is plain, that the recovery of the rent which had accrued at the time of the eviction, would be no adequate compensation to the party evicted, as the covenant runs against *all* claims, and for their consequences. The covenantor then should either keep down the rent, or if he suffers it to run behind, and the grantee or assignee is evicted, the rule of damages will be the same as in other cases, i. e. the value of the land at the time of eviction.

3. A question was made at the bar, but not very fully discussed, how far an intermediate grantee could recover for a breach of the covenants of warranty, while the premises were held by his grantee or a remote assignee. The court

intend to adhere to the rule, as laid down in *Williams* v. *Wetherbee*, 1 Aiken, on the 239th page, by Royce J., which would seem to be an approval of the rule, as laid down by Parsons, C. J. in *Bickford* v. *Page*, 2 Mass. on the 460th page : " it is a general rule, that when a feoffment or demise is made of land, if the feoffee or lessee assign the land *before the covenants are broken,* and afterwards they are broken, the assignee *only* can bring an action of covenant to recover damages, unless the nature of the assignment be such that the assignor is holden to indemnify the assignee against a breach of the covenants by the feoffor or lessor." This seems to be the principle promulgated in 5 Cow. 137, and in 4 Kent's Com. 471, 472, n. *b.* This would seem to be the present rule upon the subject. It is true, some of the cases go further, and hold, that an intermediate grantee cannot sue upon covenants, running with the land, until he has been called upon by the last assignee, in whom the right of action primarily vests, and *has made compensation. Booth* v. *Starr*, 1 Conn. 244. And one might infer as much from the stress laid upon that circumstance by Chancellor Kent, in the note above alluded to, and the frequent reference of this subject to the analogy of successive indorsers of a note or bill. But it is not necessary to pass upon that question, as, in the present case, there is clearly no obligation resting upon the plaintiff in this case to indemnify those to whom he had conveyed before the eviction, and if he should now be permitted to recover the value of the land conveyed to them and thus extinguish the covenant, they must be without redress. But in the present case, it would seem that the plaintiff conveyed a portion of the land after the eviction. For that portion, and that which he still retains, he must recover the value, but nothing for that which he had conveyed before breach, unless he was bound to indemnify his grantee. The covenant, after the breach by eviction, became a mere *chose in action,* and not assignable. And as the title was gone by the eviction, it is not readily perceived how a conveyance *subsequently* to the breach could affect the rule of damages.

Judgment reversed and cause remanded.