## P. W. CLEMENT *v.* THE BANK OF RUTLAND.

*Covenant of Seizin. Covenant of Warranty. Deed, Description in.*

1. The covenant of seizin, if broken at all, is broken at the time of the conveyance, and the covenantee may sue upon it, although before the bringing of the suit he has parted with his title to the land.

2. The covenant of warranty is not broken until eviction. A covenantee may sue upon that covenant, who has parted with his title to the premises before beginning suit, provided there was a breach of the covenant before his own conveyance, or provided that he had conveyed with similar covenants on his own part, and had made compensation before the commencement of the suit.

3. Such effect will be given to the description in a deed as will carry out the intention of the grantor, if lawful; but that intention cannot rest in mental purpose alone. It must be gathered from the language of the instrument itself.

4. Defendant bounded the premises on the south by the land of Quinn, and referred to a report of Randall to its former cashier for greater certainty of description, which report was passed over to the plaintiff with the deed. At the time this report was made the south line was in controversy between defendant and Quinn. The conclusion of the report was that the south line of the defendant was two inches south of the south face of the defendant's south wall, and that if Quinn should pay the defendant for the land between its south line and the center line of the south wall of its bank building, it should pay for a strip eight inches wide. This report was made Nov. 22, 1878. July 29th, 1879, Quinn paid the defendant for this eight inch strip, and the defendant deeded it to him. The deed to the plaintiff was executed Dec. 30, 1885. *Held,* that the reference in the description to the report of Rowell fixed the south line as it was when that report was made, and accordingly embraced the eight inches which the defendant had subsequently conveyed to Quinn.

5. A precise description cannot be limited by general words of intent, nor will such language restrict the grantor's covenants to his title and interest, when the land itself is the subject matter of conveyance.

This was an action of covenant, counting upon a deed executed by the defendant to the plaintiff. Plea, *non est factum,* with notice of special matter. Trial by court at September term, 1888, Royce, Ch. J., presiding.

The plaintiff sought to recover the value of a strip eight inches wide, with the portion of the wall standing thereon, which he

claimed was embraced in the deed to him, but which the defendant did not then own, having previously conveyed the same to one Quinn. The report of Rowell was dated November 22, 1878. The deed to Quinn was dated July 29th, 1879, and was duly recorded ; and that to the plaintiff bore date December 30, 1885. The other facts necessary to an understanding of the case sufficiently appear in the opinion of the court.

The court below held that the description in the plaintiff's deed did not embrace the eight inches conveyed to Quinn, and that the plaintiff had got all the land which his deed called for, and gave judgment for the defendant. Exceptions by the plaintiff.

*J. C. Baker* and *C. A. Prouty,* for the plaintiff.

The contents of the Randall report, referred to in the plaintiff's deed, are as much a part of the description as though written in, and should be so treated. *Davis* v. *Rainsford,* 17 Mass. 207.

This plan fixes the south line as two inches south of the south face of the south wall of the bank building. *Spiller* v. *Schribner,* 36 Vt. 245 ; *Park* v. *Pratt,* 38 Vt. 545 ; *Church* v. *Stiles,* 59 Vt. 642 ; *Bryant* v. *Railroad,* 9 At. Rep. 736 ; *Patch* v. *Keeler,* 28 Vt. 332 ; *Bagley* v. *Morrill,* 46 Vt. 94.

The general rule in the construction of deeds is, that the intention of the parties as gathered from the instrument should govern. In this case the manifest intention of the parties was to convey to Quinn's north line *as it stood when the report of Randall was made ;* otherwise there was no point whatever in referring to this report. But subsequently to the making of this report the bank had sold to Quinn a strip eight inches wide. That is, the bank had moved its south line eight inches to the north, thereby determining that, when the Randall survey was made, this eight inches was owned by the bank, and hence that this strip was included in the plaintiff's deed, for that conveyed what the bank owned when Randall made this report. The condition that the bank intended to convey nothing more than it then owned could not limit the effect of the specific description. *Park* v. *Loomis,* 6 Gray, 467 ; *Ide* v. *Pearce,* 9 Gray, 350 ;

*Mills* v. *Catlin,* 22 Vt. 98 ; *Hale* v. *Barrows,* 22 Vt. 240 ; *Brookman* v. *Kurzman,* 94 N. Y. 272 ; *Hibbard* v. *Hurlburt,* 10 Vt. 173.

The covenant of seizin, if broken at all, is broken when made, and the covenantee may sue at any time. The court can fully protect the rights of the defendant. *Williams* v. *Wetherbee,* 1 Aiken, 233 ; *Garfield* v. *Williams,* 2 Vt. 327 ; *Swazey* v. *Brooks,* 30 Vt. 692.

When the plaintiff went into possession of these premises, ·Quinn was in possession of this strip, under an older and better title. The plaintiff could not take possession and was to this ·extent evicted. *Phelps* v. *Sawyer,* 1 Aiken, 150 ; *Park* v. *Bates,* 12 Vt. 381 ; *Brown* v. *Taylor,* 13 Vt. 631 ; *Turner* v. *Goodrich,* 26 Vt. 707 ; *Clark* v. *Winchell,* 53 Vt. 408,

He might maintain a suit on the covenant of warranty, after having sold the land, first satisfying his grantee for his damages. *Williams* v. *Wetherbee, supra* ; *Smith* v. *Perry,* 26 Vt. ·279 ; *Russ* v. *Steele,* 40 Vt. 310.

*George Briggs, P. R. Kendall* and *W. H. Smith,* for the ·defendant.

The intention must control. It was clearly the intention of ·the defendant to convey its interest in this property and no more. *Robinson* v. *Railroad Co.,* 59 Vt. 432.

When there are contrary descriptions in the same deed, that by metes and bounds must govern. *Bagley* v. *Morrill,* 46 Vt. .99 ; *Church* v. *Stiles,* 59 Vt. 642 ; *Bryant* v. *The Maine Central Railroad Company,* 9 Atl. Rep. 736 ; *Cunningham* v. ·*Curtis,* 57 N. H. 157 ; *Smith* v. *Negbauer,* 42 N. J. L. 305.

A particular description will not be enlarged by a succeeding general description. *Brunswick Savings Institution* v. *Crossman,* 76 Me. 577 ; *Lovejoy* v. *Lovett,* 124 Mass. 270.

The report of Randall did not attempt to locate the south line definitely. It was merely the expression of an opinion. The defendant did not covenant that its south line was two inches ·south of the south face of the south wall of the bank building.

The opinion of the court was delivered by

ROWELL, J. The defendant claims that as the pleadings show that the plaintiff conveyed the premises before this suit was brought, he cannot maintain the action, as he had no interest in the property. But this does not defeat his right to maintain the action on the covenant of seizin, for that covenant, if broken at all, was broken when made, and became and was a non-assignable chose in action, upon which no one can sue but the plaintiff or his personal representative.

If the plaintiff conveyed the land before the covenant of warranty was broken, it may be doubtful whether he can recover on that covenant upon what is disclosed in the declaration; for although the count upon it alleges compensation by the plaintiff to The Herald & Globe Association, it does not allege that the plaintiff conveyed to the association with covenants binding him to make compensation. He may have conveyed to it by quitclaim deed for aught that appears, in which case he would not be bound to make compensation, and query whether then compensation would avail him.

In respect of the passage of covenants as incident to the assignment of estates, the rule is, that when the assignment is made before breach, and contains no warranty nor other covenant on which the assignor can be made liable, the right of action on covenants made by a prior grantor vests exclusively in the assignee, and cannot be enforced by the assignor, even for the benefit of the assignee; because in such case the assignor can sustain no damage, and a man cannot maintain an action for the recovery of damages that he could not have suffered. *Keith* v. *Day,* 15 Vt. 660; *Bickford* v. *Page,* 2 Mass. 455; 1 Smith's Lead. Cas. (7th Am. Ed.) 203.

But if the assignor is liable to the assignee, and discharges that liability before suit brought, then he can enforce the covenant, for he thereby, as it were, *takes up* the covenant for his own benefit. *Williams* v. *Wetherbee,* 1 Aik. 233; *Smith* v. *Perry,* 26 Vt. 279; *Withby* v. *Mumford,* 5 Cow. 137; 1 Smith's Lead. Cas. (7th Am. Ed.) 203.

But if the covenant of warranty was broken by an eviction of the plaintiff himself before he conveyed, as seems to be in effect alleged in the count on that covenant, then of course he may maintain an action upon it.

This brings us to the main question in the case, which is one of construction.

It is unnecessary to make an extended statement of the rules that obtain in the construction of deeds. They are numerous, well understood, and of greater or less universality of application. Perhaps as important a rule as any is, that the intention of the grantor, if not unlawful, is to be given effect when it can be ascertained. And again; deeds are to be construed as a whole in the light of the circumstances that attended their execution, and with a view to give every part meaning and effect, which will always be done if possible.

The deed in question, which was given on Dec. 30, 1885, and contains full covenants, first describes the premises conveyed as the grantor's banking-house and lot situated on the east side of Merchants Row in the village of Rutland, " bounded on the north by the land and lot of Frederick Chaffee; on the east and south by the land and lot of Michael Quinn; and on the west by Merchants Row." It then goes on to say, that " for a more particular description of said lot, reference is had to the report and plan as to and of said lot, made to S. W. Rowell, former cashier of said bank, by J. J. R. Randall, dated Nov. 22d, 1878, * * * * which report and plan is hereby given to said Clement;" and that the grantor " conveys all the rights, titles, and interests it has in said banking-house and lot and in the adjoining walls, and no more, and sells and conveys hereby only the real estate in said lot and premises."

It is conceded that the reference made in the deed to said report and plan makes that document as much a part of the deed as though it had been actually copied into it as a part of the description.

It seems that before and at the time of Randall's survey and report, there was a controversy between Quinn and the bank as

to the location of the east-and-west line between their lots ; . and the chief object of that survey was, as shown by the report, " to determine the width of the bank lot." As the result of his examination and survey, Randall judged, as shown by the report, that Quinn's north line was two inches south of the south face of the south wall of the bank building, and said that if Quinn was to pay for the land between the center line of said wall and his north line, he should pay for eight inches in width. The parties seem to have acquiesced in Randall's conclusion, for on July 22, 1879, by its deed of that date, the bank duly conveyed that eight inches to Quinn, together with that portion of the bank building thereon standing, which deed was duly recorded on the day of its date ; and the question is, Does the description in the plaintiff's deed from the bank include all or any part of that eight inches ?

If the first description in plaintiff's deed is to govern, it is obvious that the north line of Quinn's lot, wherever located at the time the deed was given, is the north boundary of the land conveyed. Defendant's counsel claim that that description is to govern ; that it cannot be presumed that the bank intended to convey more than it owned ; that the most that can be claimed for Randall's report is, that it contains a description by courses and distances that is inconsistent with the description by metes and bounds, and that therefore the description by metes and bounds must govern ; that it does not follow that a particular description is to be enlarged by a subsequent general description by way of reference to another instrument ; that said report does not fix the line with definiteness, but is at best mere conjecture, and shows that the true line of the lots in that section cannot be ascertained, as Quinn's original south line cannot be found, and that said report was referred to in plaintiff's deed and delivered to him, not for the purpose of more definitely locating the south line of the land conveyed, but for the purpose of giving him all the information the bank had in respect to its location, and that he must have understood that he was to take his deed and the report, and find his land as best he could between the land of Quinn on the south and that of Chaffee on

the north. While it is true that the intention of the grantor must govern, yet that intention must be gathered from the language of the deed, and cannot rest in mental purpose alone ; for if the description really covers the strip in question, it must for present purposes be taken that the defendant intended to convey it. If the deed was mistakenly drawn in this respect, it cannot be corrected here.

To the argument that the report was referred to and delivered to the plaintiff for the purpose named, it is a sufficient answer to say that the bank did know just where its south line was, for it was definitely fixed by its deed to Quinn as the center line of the south wall of its bank building; but for some reason the plaintiff's deed seems to have been drawn without any regard to Quinn's deed, and as though it never had been given, and with reference to things as they were at the time Randall's report was made, else why refer to the report at all, for it had no reference to what the bank then owned, and would not help to fix the *then* southern boundary, but it would help to fix its southern boundary as it was before the deed to Quinn, and reference to the report could only serve to deceive the plaintiff in respect to the true location of that boundary as it then was.

The whole tenor and effect of the report is, that the bank lot, at best, lacked about an inch and a half of being full width, and to fix the south line of the lot to within about that distance of exactness, and at a point two inches south of the south face of the south wall of the bank building; and when the report is considered as written into the description of the deed, it amounts to nothing less than a representation by the bank that the south line was *then* as the report showed it to be; and unless that representation is to be nullified by something else in the deed, it must stand, and be effective as matter of description.

But suppose we treat these descriptions as irreconcilably conflicting, as is claimed we should, then the rule comes in, that less certainty of description yields to greater certainty. This is why courses and distances yield to monuments. But this is not a case of courses, and distances and monuments ; but a case of

both general and special description of the same boundary by reference to other boundaries and to monuments. The general description is by reference to the limits of another's land, without any particular description or mention of any known or certain object, which is an uncertain description, and was felt to be by the bank, for it went on to make more particular description by reference to said report, whereby it described its southern boundary, not by reference to the limits of Quinn's land, but by reference to the south wall of its bank building, a prominent monument, and located its line two inches south of the south face of it, thereby making certain what before was uncertain, as far as the deed disclosed, without investigation and perhaps survey. In *Bennedict* v. *Gaylord*, 11 Conn. 332 (s. c. 29 Am. Dec. 299), the first description in the deed was by reference to known, visible, and well ascertained monuments, the most important of which were natural and permanent, and corresponded with reasonable precision with the courses and distances given and ascertained by actual survey, while the second description was by reference to the limits of the lands of others without more, and included twenty-one acres more than the first description. The second description was said to be of a very uncertain kind, and the first description prevailed because more certain.

But it is said that the deed expressly limits the operation of the conveyance to whatever title and interest the bank had, and declares that nothing more is conveyed, and that the covenants are thereby limited accordingly. But precise description cannot be limited by such general words of intent. *Gilman* v. *Smith*, 12 Vt. 150; *Wilder* v. *Davenport*, 58 Vt. 642. Nor will such language restrict the covenants to the grantor's title and interest, when the land itself is the subject matter of conveyance.

The result is, we hold that that part of the description in the plaintiff's deed consisting of the report, covers the eight-inch strip deeded to Quinn, and that that description must prevail over the more general description.

*Judgment reversed and cause remanded.*