FRANKLIN,                    JOHN GILMAN *v.* PHELPS SMITH.
/ *January*,
1840.

Where in a grant of land, there is a well known and established place of beginning, and the courses and distances of the several lines are given, in the grant, they must govern as to the quantity of land conveyed, and the deed is not to be extended, by the words being added, "meaning to convey three fourths of two certain lots," though the description given in the grant includes less than three fourths of the lots.

TRESPASS, upon a lot of land in St. Albans. Plea, not guilty. Issue to the country.

On the trial, in the county court, the plaintiff gave in evidence, a deed from Thomas Brush to Amos Morrill, dated March 30, 1795, of the following described land, lying in St. Albans, viz:—

"Beginning at the south-east corner of lot No. 27; then "running east, 36 deg. south, 320 rods; then north, 36 deg. "east, 78 rods, meaning to take three quarters of the lots "No. 28 and 29, and three acres and 105 rods included in "this description; then west, 36 deg. north, to the highway; "then turning south, on the road, three rods; then west, 36 "deg. north, to the west line of No. 28; then south, 36 deg. "west, to the first mentioned bound, containing one hundred "and fifty three acres and 105 rods of ground."

The plaintiff also gave in evidence, a deed from said Morrill to the plaintiff, dated October 18, 1796, conveying the same land to the plaintiff.

The plaintiff contended, that these deeds conveyed to him two thirds of lots No. twenty eight and twenty nine, although the courses and distances, given as the boundaries, did not include two thirds of said lots, and that said lots originally contained one hundred and twenty acres each.

The county court decided, and so instructed the jury, that, as the courses and distances were given in the deed from Brush to Morrill, and as no evidence was introduced to show that there had been an actual running of the lines and the establishing of corners, the courses and distances, in the deed, must govern the rights of the party claiming under it, and that the length of the lines could not be extended beyond the length given in the deed, by the words, "meaning to take three qutarters of the lots No. 28 and 29," though it should be made to appear that each of said lots contained one hundred and twenty acres of land.

The jury returned a verdict for the defendant, and the plaintiff excepted to the decision and charge of the court.

The bill of exceptions, in this case, contained other exceptions of the plaintiff, to the decision and charge of the county court, but, as the plaintiff did not insist upon them, in this court, they are omitted in the statement of the case.

*Smith & Aldis*, for plaintiff. ¬

Applying the description of the land contained in Brush's deed to Morrill, to the lots No. 28 and 29, it is found that it is inconsistent, in this respect, viz : the distance, " 78 rods," does not not agree with the clause, " meaning to take three-fourths of lots No. 28 and 29.'

The usual size of lots, in St. Albans, is one hundred and sixty rods long by one hundred rods wide ; but lots No. 28 and 29, are one hundred and twenty rods wide, containing, each, twenty acres more than the usual quantity of land ; so that the distance should be ninety three rods, instead of seventy eight rods, in order to get three-fourths of the land. Where the description is found to be inconsistent with itself,—the court will try to follow the intent of the parties. *Hull* v. *Fuller*, 7 Vt. R. 100. *Gates* v. *Lewis*, 7 Vt. R. 511. The insertion of the clause " meaning," &c., in the place where it stands, shows, that the parties intended *that it should control the distance*, and furnishes a strong presumption that they knew, at the time the deed was made, that the lots were larger than the usual size.

The clause is inserted, not in the usual form of specifying the quantity of land, but in the boundaries, as giving more precision to the place where the parties intended the boundary should be made.

Had this construction been given to the deed, the plaintiff's possession, instead of beginning with actual possession, would have extended back, by construction, to March 30, 1795, so that he would have had a title by possession.

*Smalley & Adams*, for defendant.

The plaintiff, by virtue of the deed, from Brush to Morrill, could not acquire title to more land than is included in the courses and distances given in that conveyance. The words " meaning to convey three-fourths of No. 28 and 29," inserted in the deed, in connexion with the bounds given to the

land, could not make the deed operate as a conveyance of any portion of lots No. 28 and 29, if it was not within the bounds given.

The opinion of the court was delivered by

BENNETT, J.—Wherever, in the grant of land, there is a well known and well ascertained place of beginning, that must govern, and the grant must be confined within the boundaries given in the deed. In the deed from Brush to Morrill, the place of beginning is the south east corner of lot No. 27, and the courses and distances are all specifically given in the description of the land, specified in the grant. The lots in question were supposed to contain, each, only one hundred acres and were originally run out for one hundred acre lots. The fact that they contain one hundred and twenty acres, each, can have no effect in giving a construction to this deed. The words, " meaning to take three-fourths of lots No. 28 and 29," cannot operate to extend the grant, beyond the boundaries given in the survey, and were, probably, added, upon the supposition that the lots contained but one hundred acres. The deed further adds ; " containing 153 acres and 105 rods of ground," the three acres and one hundred and five rods of which, were taken from another lot. Suppose that the lots, No. 28 and 29, had fallen short of one hundred acres, would it be pretended that we should shorten the lines in the survey, so that only three fourths of each lot should be included in the grant ? There can be no doubt as to the operation of this deed, and as little as to what was the true intention of the parties, at the time of its execution in 1795.

As the only ground of error,insisted upon in the argument,in the proceedings of the county court, relates to the construction given, by the court, to the deed, it is unnecessary to notice the other points, reserved in the bill of exceptions, any further than to say, that we see no error in them.

The judgment of the county court, is, therefore, affirmed.