## JOHN N. MORROW *v.* GEORGE WILLARD.

### *Deed.*

It is well settled that if a deed bounds the grantee upon a *highway*, and there is nothing in the deed which can control the boundary, it carries the grantee to the center of the highway.

If land has been conveyed by a reference to known boundaries and monuments, the land so described is not to be restricted or enlarged by a subsequent reference in the same deed to the title deeds of the grantor under which he holds his title.

This was an action of trespass for breaking and entering the plaintiff's close and conducting the water away from the plaintiff's pump logs. The case was referred, and the report of the referee shows the following facts, which constituted the trespass complained of.

The plaintiff owned and occupied about three acres of land upon the south side of a certain highway in the town of Sheldon. The plaintiff's land was bounded on the north by the south line of the highway. The plaintiff had by means of pump logs conducted the water to his house from a spring situate about one hundred rods distant in the highway, and south of the center line thereof. The logs were laid all the way from the spring to the house in a line south of the center of the highway.

The defendant owned and occupied upon the north side of the same highway. The defendant dug into the spring and diverted the water from the plaintiff's logs, and conducted it across the road to his own land.

The defendant claimed that the spring was situated north of the south line of the road, and that by his deed his land extended to the south line of the highway, and included the spring.

The land occupied by the defendant was described in the deed to him from one Briggs, as bounded on the south by the highway, with the following additional and explanatory clause: "meaning to convey a piece of land I hold by a deed from Nathan Bailey," and the description in said Bailey's deed so referred to was, "about forty-seven acres of land of the east end of lot number twenty-seven, except what I deeded to James Mason, that lies the south side of the present traveled road, containing about three acres." The three acres constituted the land occupied by the plaintiff. The county court, at the December Term, 1855,— PECK, J., presiding,— rendered judgment for the plaintiff. Exceptions by the defendant.

*B. Hall* and *H. S. Royce*, for the defendant.

If a deed describe the premises by metes and bounds, and also by a reference to another deed, and the latter description embrace more land than the former, the latter will control. 2 Hilliard 360, sec. 83; *ib.* 355, sec. 50; *Thatcher* v. *Howland*, 2 Met. 41.

*H. E. Royce* and *Aldis & Burt*, for the plaintiff,

Cited Kent's commentaries (2d edition), 3d vol. 433, 434; *Buck et al.* v. *Squires*, 22 Vt. 484.

The opinion of the court was delivered by

BENNETT, J.　No question is made as to the plaintiff's possession of the *locus in quo* at the time of the alleged trespass, and prior possession is enough against the defendant, if he stands as a stranger to all title.

The defendant's title depends upon the construction of the deed of Isaac Briggs to him, which purports to convey all the grantor's right to forty-seven acres of lot number twenty-seven, third division, in the town of Sheldon, bounded *south on the highway,* east on the lot line, etc., " *meaning,*" says the grantor, " *to convey a piece of land I hold by a deed from Nathan Bailey, dated March 26th, 1825.*" It is well settled law, that if the deed bounds the grantee *on a highway,* and there is nothing in the deed which can control the *general* boundary, it carries the grantee to the center of the highway, such being its legal construction. If, however, the boundary had been the *north line of the highway,* the construction would have been otherwise.　This is all conceded by the defendant's counsel, but it is claimed that what would otherwise be the construction of the deed from Briggs to the defendant, is controlled by the expression " *meaning to convey a piece of land I hold by a deed from Nathan Bailey,*" etc., and this is the important question in the case.　The deed from Briggs to the defendant, *by its legal intendment,* if not controlled by the after words, carried him only to the center of the highway, and such legal intendment could not be controlled by parol.

It is a question of some importance, whether the boundary in this deed, which the law fixes as being the center line of the highway, can be extended from the center to the south line of the highway, by means of the after description in the deed.　It seems to be well settled that if land has been conveyed by a reference to known monuments and boundaries, the land so described is not to be restricted or enlarged by a subsequent reference to the title deeds of the grantor, under which he holds his title.　In *Melvin* v. *Proprietors of the locks and canals on Merrimack river,* 5 Metcalf

16, the same principle was applied to a deed describing the land " *as the estate upon which the grantor now lives.*" It was there held that such a description could not be controlled by the grantor's adding " being the same which was conveyed by M. to K., the grantor's ancestor, by a deed of a specified date," although the deed to K. did not convey *the whole farm*, of which the grantor had been for many years in possession as a lessee under K. The case of *Dana* v. *The Middlesex Bank*, 10 Metcalf 250, is quite in point. In that case the deed described the land as bounded on one side " by the line of a certain street," etc., and the deed concluded with the addition " *it being the same land set off to one W.*" It was held that this deed well described the land conveyed by metes and bounds, and that, although the land set off to W. did not extend to the street mentioned in the deed, yet the description in the first part of the deed could not be controlled by the subsequent description in the reference. WILD, J., says it is a case of a *double description*; and he adds, " it is now fully settled that a description by metes and bounds is to prevail, although a different description is given by a reference to the title deeds of the grantor." See also, *Crosby* v. *Bradbury*, 2 Appleton 61, and *Drinkwater* v. *Sawyer*, 7 Greenleaf 366. In *Gilman* v. *Smith*, 12 Vt. 150, the place of beginning in the deed was the south-east corner of lot twenty-seven, and the deed then described the lands conveyed by courses and distances, adding, *meaning to take three-fourths of lots numbers twenty-seven and twenty-eight.* It was also held in that case, that although the courses and distances given in the deed would convey less than three-fourths of lots twenty-seven and twenty-eight, yet they must prevail over the other description by way of reference.

The case now before us, as was said by Justice WILD in the case in 10 Metcalf, is clearly one of a *double description*, and we think the boundary given on the south *being on the highway*, is in effect a conveyance by metes and bounds, and that this description must prevail over the after description given by way of reference to Nathan Bailey's deed to Briggs, if the two descriptions are found to be incompatible. As, then, we confine the defendant's south boundary, under the deed from Briggs to him, to the center line of the highway, he stands as a stranger to the *locus in quo*, and a

prior possession in the plaintiff is all the title he needs as against this defendant. Under this view of the case, it is of no consequence to determine what should be the construction of the deed from Bailey to Briggs. It is not material whether that deed conveys more or less land to Briggs than what he conveys to the defendant. We think the views we have taken of the defendant's deed are sound, and are not opposed to any of the cases cited by the defendant's counsel, unless it be the case of *Keith* v. *Reynolds*, 3 Greenleaf 393. The consideration of the other questions mooted on the argument becomes wholly unnecessary and they are waived.

The result is an affirmance of the judgment of the county court.