ALDEN SPILLER *v.* CALEB H. SCRIBNER.

*Deed., Construction. Estoppel.*

The description of a lot, in a deed, by reference to its number, is a description in its legal effect, according to the lines. of such lot, as surveyed and established in the original division of the town, and is just as definite, although not so particular, as it would be if the lines were given.

Where the defendant knew that the plaintiff proposed purchasing a piece of land adjoining the defendant's land, and explained to the plaintiff where his, (the defendant's,) line was, and the plaintiff made the purchase relying upon the defendant's representations, it was *held*, that the defendant was estopped from disputing the title up to that line.

EJECTMENT. Plea, the general issue. Trial by the court, June Term, 1861, PECK, J., presiding. The material facts sufficiently appear in the opinion of the court.

Judgment for the plaintiff,—exceptions by the defendant.

*Wm. Hebard,* for the defendant.

If there are two descriptions, the deed should be so construed, if possible, as to reconcile them both. *Hull* v. *Fuller,* 7 Vt. 100 ; *Gates* v. *Lewis, ib.* 511 ; 2 Bl. Com. 379. The intention of the parties is to be gathered from the deed itself. 3 Stark Ev. 995, 998, 1001, 1002. The fact that the defendant misunderstood his rights for a time does not take them from him.

*C. W. Clark* and *B. Martin,* for the plaintiff.

A description of lands by metes and bounds, cannot be controlled or varied, enlarged or diminished, by a general description. The cases of *Hibbard* v. *Hurlburt,* 10 Vt. 173 ; *Gilman* v. *Smith,* 12 Vt. 150 ; and *Morrow* v. *Willard,* 30 Vt. 118, and cases there cited, were cited as decisive of this case. The defendant is estopped from disputing the plaintiff's title up to the line he claims. *Hicks et al.* v. *Cram et al.,* 17 Vt. 455 ; *Strong* v. *Ellsworth,* 26 Vt. 373 ; *Brown* v. *Edson,* 23 Vt. 449 ; *Willard Canal Co.* v. *Hathaway,* 8 Wend. 483, ; *Wakefield* v. *Crossman,* 25 Vt. 298 ; *Downer* v. *Flint et al.,* 28 Vt. 527 ; 2 Smith's Leading Cases 562, et. seq.

PIERPOINT, J.  The principal question in this case, arises upon the construction of the deed under which the defendant claims title to the premises in controversy.

The material part of the description of the premises conveyed by that deed, is in the following words, " being lots No. 22 and 23 in the second division of lots in said Chelsea, and is all and the same land which we now occupy and improve as our home farm, with all the buildings, &c." It appears from the case, that the small tract now in dispute was occupied by the defendant's grantors as a part of their home farm, but is not embraced within the known and established lines of the lots 22 and 23, and the question is, did this tract pass to the defendant by that deed.

It is a well settled principle that when the land conveyed is described in the deed by clear and well defined metes and bounds, so that the boundaries thereof can be thereby readily determined, such description shall prevail, and settle the boundaries of the land over any general words of description that may have been used in the deed, tending to enlarge or diminish the boundaries.

This principle was expressly recognized in *Gilman* v. *Smith*, 12 Vt. 150 ; in that case the land was described by courses and distances commencing at a corner of lot No 27, and after such description, followed these words, " meaning to take three fourths of lots No. 28 and 29,"—it turned out that the lines given, did not embrace three fourths of those lots, it was held that only the land included within the lines passed by the deed, and that those general words of description could have no effect to enlarge the tract conveyed. The same principle was applied in *Hibbard* v. *Hurlburt*, 10 Vt. 173 ; in that case an attempt was made to limit the operation of the deed, in consequence of the description concluding with the words, " and being the farm I now live on and occupy," it was held that such words would not have that effect. The same doctrine was recognized in *Morrow* v. *Willard*, 30 Vt. 118. In the deed now before us the land is described as lots No. 22 and 23. If the description had been more specific and had bounded the lots, as for instance, commencing at the south-east corner of lot No. 23, thence north, along the east line of lots 22 and 23, to the north-east corner of

Spiller *v.* Scribner.

No. 22, and thence on the lines of said lots to the several corners, and to the place of begining; then this case would have been precisely like that of *Gilman* v. *Smith.* But the description of a lot by reference to its number, is a description in its legal effect according to the lines of such lot as surveyed and established in the original division of the town, and is just as definite, although not so particular, as it would be if the lines were given, and should receive the same construction and have the same legal effect, in one case as the other, and such description in this case must be the controling description, and determine the extent of the land conveyed. The general words used are but a further description of the same land, and not a description of other land. Those words were evidently used in this deed to determine the locality of the lots, conveyed by a reference to a known and obvious fact.

This construction of the deed is conclusive of the plaintiff's right to recover the whole tract described in his declaration.

But we think the plaintiff is entitled to recover on another ground. After the defendant had made his purchase, he surveyed his lots and ascertained where the east line of lot 23 was, which is the west line of the land in controversy. After the defendant had made this survey and while the plaintiff was negotiating with the then owner of the land in dispute for its purchase, the plaintiff and the defendant had a conversation about where the defendants line was, the defendant then knowing that the plaintiff contemplated making the purchase, represented to the plaintiff that his line was where the plaintiff now claims it to be, and both parties then treated it as running in that place, and after the plaintiff made the purchase he and the defendant built their division fence upon that line. Such representations made by the defendant, he at the time knowing the plaintiff's object in ascertaining where the line was, and the plaintiff relying upon them in making the purchase, must estop the defendant from now setting up a title to the land.

Judgment affirmed.