## GALUSHA J. BUNDY v. HENRY H. MORGAN.

### Ejectment. Construction of Deed.

A deed described one line of the land thereby conveyed as running "north, 34 degrees west, on said M.'s line and C.'s north line, 45 rods and 16 links, to the bound begun," which was the line in dispute. At the time of the execution of said deed, the land of M.—who was the grantee in said deed—which was contiguous to the land conveyed thereby, and on the line of which the disputed line was described as running, extended northerly only to a brook which intersected said last mentioned line. On the opposite side of the brook, C.'s land was situated, extending several rods further north-easterly along the brook than the point where "said M.'s line" terminated at the brook, so that, if the disputed line should be continued in the same course across the brook to the place of beginning, said deed would include a portion of C.'s land lying south of and adjoining the land of the grantor conveyed by said deed. In order for the line in question to reach and run on C.'s north line, it would, at the point where it reached C.'s land at the brook, have to turn nearly at a right angle, and run north-easterly on his line a few rods, to the corner of his land, then turn at an acute angle, and run on his north line in a course, north, 67½ degrees west. At the time of the execution of said deed, C.'s north line was marked by a log and slash fence on the land, and as nearly on the line as such fences usually are. *Held*, that the monuments and abuttals, and not the course, controled the construction of said deed, and that the land thereby conveyed was bounded along the line in question by the said lands of M. and C.

EJECTMENT for land in Lyndon. Plea, the general issue, and trial by the court, June term, 1872, Ross, J., presiding.

The plaintiff claimed title to the land in question through a deed from Amasa Knapp to Wm. C. Morgan, dated February 15, 1850, in which the land thereby conveyed was described as follows: " Commencing at the south corner of said Knapp's land ; thence 23 degrees east, eleven rods, to a stake in the fence ; thence south, 34 degrees east, 51 rods and about 7 links, to the road leading by said Morgan's house ; thence west, on the west side of said road, ten rods, to said Morgan's line ; *thence north, 34 degrees west, on said Morgan's line and Simon Colton's north line, 45 rods and 16 links, to the bound begun.*" On the 26th of September, 1850, the said Colton conveyed the land in question to said Morgan ; and the county court found, in addition to the finding stated in the opinion, that at the time of said last named conveyance, the land was surveyed, and said fence treated as the line between Morgan's purchase of Knapp and his purchase of Colton. The defendant was conceded to be in possession of the premises.

All the other facts in the case sufficiently appear in the opinion of the court. Judgment for the defendant, and exceptions by the plaintiff.

*G. C. & G. W. Cahoon,* for the plaintiff.

A deed should be construed according to the intention of the parties, as manifested by the whole instrument. *Mills* v. *Catlin,* 22 Vt. 98 ; *Wellington* v. *Mendough,* 41 Me. 281 ; and it would seem to be a question of law. *Stevens* v. *Hollister,* 18 Vt. 294 ; *Guptill* v. *Damon,* 42 Me. 271 ; *Randall* v. *Thurston,* 43 Me. 226. If the intention of the parties upon the face of the deed be ambiguous, the construction is to be most strong against the grantor. *Mills* v. *Catlin, supra.* The title which Morgan acquired by virtue of his deed from Colton, dated September 26, 1850, enured to the plaintiff. *Ascough* v. *Johnson,* 2 Vern. 66 ; *Somes* v. *Skinner,* 3 Pick. 51 ; and a tenant who claims the same estate as the grantee of the seller, by a subsequent conveyance of the same, is estopped to say that the seller was not seised. *White* v. *Patten,* 24 Pick. 324 ; *Fairbanks* v. *Williamson,* 7 Greenl. 96.

*Dickey & Smith,* for the defendant.

In conveyances of real estate the law is settled, that acknowledged and well defined boundaries and monuments govern courses and distances. *Gilman* v. *Smith,* 12 Vt. 150 ; *Clark* v. *Tabor,* 28 Vt. 222 ; *Patch* v. *Keeler et als.* Ib. 332 ; *Jakeway* v. *Barrett,* 38 Vt. 316 ; *Park* v. *Pratt,* Ib. 552 ; *Russell* v. *Maloney,* 39 Vt. 579 ; *Powers et al.* v. *Silsby et al.* 41 Vt. 288 ; 3 Washb. Real Prop. 348, *et seq.*

The opinion of the court was delivered by

PECK, J. The only question made in the case is in reference to the construction of the deed, Amasa Knapp to Wm. C. Morgan, dated February 15, 1850, as to the location of the last line described in that deed, and through which the plaintiff claims title to the land in dispute. The solution of the question must depend on the language of the deed, in connection with such facts found by the county court as may legally be resorted to in aid of the in-

terpretation of it. The line in question is described as running " north, 34 degrees west, on said Morgan's line and Simon Colton's north line, 45 rods and 16 links, to the bound begun." The case shows that the county court found as matter of fact, that at the time of the execution of this deed, Simon Colton owned and occupied the premises in dispute, and that his north line was where the defendant claims his north line now is, and that it was marked by a log and slash fence then upon the land, and as nearly on the line as such fences usually are ; and that if the course of this line as mentioned in the deed, is to be continued beyond the brook, and to control in preference to the occupation and fence as existing at the time of the execution of the deed, then the land in controversy belongs to the plaintiff. The county court held otherwise, and decided that the fence beyond the brook, and the known and recognized monuments on the land and line as recognized when this deed of Knapp to Wm. C. Morgan was executed, would control the line beyond the brook, and that the course mentioned in the deed should be extended only to the brook which crossed this line ; and rendered judgment for the defendant. The statement of the case in the bill of exceptions, is not sufficiently full to present the precise question involved, without the aid of the plans in the case, and they are too meager to supply all the necessary facts ; but by the explanations and concessions of counsel, we have been able to arrive at the point in the case.

It appears that the land of Wm. C. Morgan, which was contiguous to the land conveyed to him by Knapp by the deed in question, and on the line of which this disputed line is described as running, extended only to the brook. On the opposite side of the brook the land was situated which was owned and occupied by Simon Colton at the time of the execution of the deed in question from Knapp to Morgan, and extending several rods further northeastwardly along the brook, than the point where " said Morgan's line" terminated at the brook. Therefore, if the line in question in Knapp's deed to Morgan, be continued in the same course north, 34 degrees west, across the brook, to the place of beginning, the deed would include a portion of the land which, at the date of that deed, was owned and occupied by Simon Colton, lying south

of and adjoining Knapp's land which by that deed he conveyed to Morgan that side of the brook. The line in dispute has two descriptions in the deed; one, its course north, 34 degrees west, and the other, " on said Morgan's line and Simon Colton's north line." It does not appear but that either description would reach the bound begun at. It is to be inferred from the exceptions that there is no discrepancy between the two descriptions along to the brook the distance of " said Morgan's line;" but beyond that, the two descriptions do not agree ; and one or the other must be regarded as the false description, and the other adopted as the true one. As between courses and distances on the one side, and abuttals and monuments on the other, in case of disagreement, abuttals and monuments, when identified, must, as a general rule, control. If, as the exceptions would indicate, aside from the plans in the case, no other departure from the course of the line mentioned in the deed was necessary than a single change of its course at the end of the Morgan line at the brook, in order to follow Simon Colton's north line direct to the place of beginning, it would be but the common case for the application of this rule, although that line, beyond the brook, runs north 67½ degrees west, instead of north 34 degrees west, as named in the deed. But it appears on reference to the plans in the case, that in order for the line in question to reach and run on Simon Colton's north line, it must, at the point where it reaches his land at the brook, turn at nearly a right angle and run in a north-eastward direction on his, Simon Colton's, line, some few rods (the exact distance is not given), to the corner of his land, and then turn at a still greater angle to run on his north line, on a course north 67½ degrees west. This feature of the case renders the construction of the deed more doubtful. But if the course of the line as indicated by the point of compass named in the deed, is allowed to govern, the deed includes the very land which the deed refers to as bounding the land therein conveyed. If the monuments and abuttals control the construction, the land conveyed is bounded along the line in question by the land of Morgan as far as Morgan's land extends, and the residue of the way to the place of beginning, by the land then owned and occupied by Simon Colton ; and, on

8

the whole, we think this is the legal intendment of the deed, and the one most likely to harmonize with the intention of the parties.

It is not claimed by plaintiff's counsel, that Knapp owned the land in dispute at the time he executed the deed to Wm. C. Morgan ; but it seems to be conceded by counsel, that Wm. C. Morgan's mortgage to Bronson, of even date with Knapp's deed to Wm. C. Morgan, conveyed the same land which Knapp's deed conveyed to Wm. C. Morgan, and by the same description ; and that the plaintiff, by assignment from Bronson, has the title conveyed by that mortgage. The plaintiff then claims that when Simon Colton, by his deed of Sept. 26, 1850, conveyed the premises in dispute to Wm. C. Morgan, the title thus acquired enured to the benefit of the plaintiff. However this might be if Knapp's deed to Wm. C. Morgan, and Wm. C. Morgan's mortgage to Bronson, had embraced the land in dispute, it not being embraced in that deed, the plaintiff takes no benefit by Colton's deed to Morgan.

We have not been furnished with all the papers referred to in the exceptions ; and the plaintiff's counsel has urged some other grounds of claim which we have not considered, because based rather on what is assumed to have appeared at the trial below, than upon what legitimately is before this court.

Judgment affirmed.