JAMES E. OXTON *vs.* DANIEL W. GROVES.

Waldo. Decided July 23, 1878.

*Deed,—boundaries.*

When the line runs "to the road and thence by the road," the grant is to the center of the road, even though the measurement of distances would extend only to the side of the road.

ON REPORT.

TRESPASS q. c. f., and for cutting and carrying away grass. Both parties claimed title to the *locus in quo* under their deeds of parts of the Mitchell farm, the southern boundary of which was the centre of a road existing at the time the parties took their deeds, but discontinued before the time of the alleged trespass. The defendant's deed called for twenty acres of the eastern part of the farm, and the plaintiff's for the residue. The question was one of boundary, and whether the defendant's land extended to the center of the road or stopped at the side of it, the *locus* of the alleged trespass being a strip one and a half rods wide and some seventy rods long, the half of the road northerly of the center line.

The description in the deed under which the defendant justifies is as follows: "A certain parcel of land, situated in Montville aforesaid, and described as follows, viz: It being a portion of the premises conveyed to me, said Palmer, by Jabez Mitchell, and is bounded as follows, to wit: Commencing at a stake and stones, the southeast corner of the said premises, at the road, thence, running northerly on range line to land of Nancy Harriman, to the northeast corner of said described premises; thence, westerly on the northerly line of said lot, far enough to contain twenty acres

of land, to stake and stones to be erected; thence, southerly on a line parallel with said first named line to said road; thence, by said road to point begun at, containing twenty acres and no more."

*J. W. Knowlton*, for the plaintiff.

*W. H. Fogler*, for the defendant.

APPLETON, C. J. The deed, under which the defendant justifies the acts complained of, commences " at a stake and stones, the southeast corner of the said premises, at the road ; " thence, after certain courses and distances, " to said road ; thence, by said road to point begun at, containing twenty acres and no more." It is to be observed that the line runs to the road, not to the side or line of the road, and thence, by the road, not by the side or line of the road.

The rule is now well settled that when a line is given running " to the road and thence by the road," the grant is to the center of the road. *Hunt* v. *Rich*, 38 Maine, 195. *Cottle* v. *Young*, 59 Maine, 105. *Reed's petition*, 13 N. H. 381, 384. This is held to be the true rule, even though the measurement of distances would extend only to the side of the road. *Phillips* v. *Bowers*, 7 Gray, 21. " The road," observes Shaw, C. J., in *Newhall* v. *Ireson*, 8 Cush. 595, "is a monument; the thread of the road, in legal contemplation, is that monument or abuttal. . . Land may no doubt be bounded by the side of a highway, but it must be done in clear and distinct terms to control the ordinary presumption." No apt words are here used to limit the grant to the edge or side of the highway. *Boston* v. *Richardson*, 13 Allen, 146,147. Where the highway is a boundary, the center line of the street is presumed to be the limits, unless the description excludes the soil of the highway. *Child* v. *Starr*, 4 Hill, 369. *Morrow* v. *Willard*, 30 Vt. 118. *Paul* v. *Carver*, 24 Penn. 207.

Under ordinary conditions, nothing short of express words of exclusion will prevent the street in front of the premises conveyed from passing. *Salter* v. *Jonas*, 10 Vroom, 469.

*Judgment for the defendant.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.