## LUCIUS CUMMINGS v. BLACK & COVELL.

### GENERAL TERM, 1892.

*Construction of deeds. Description by metes and bounds prevails.*

In the construction of deeds a particular description by metes and bounds will prevail over a general description by designation.

Petition of foreclosure. Heard upon bill, answer and the report of a special master at the March term, 1892, Washington county. THOMPSON, chancellor, decreed for the orator as to the entire premises claimed by him. The defendants appeal. The opinion states the case.

*T. J. Deavitt* for the orator.

The last description will prevail. *Wilder* v. *Davenport,* 58 Vt. 642; *Lippett* v. *Kelley,* 46 Vt. 516; 2 Wash. Real Prop. 684.

*S. C. Shurtleff* for the defendants.

The description by metes and bounds must govern. *Gil-*

*man* v. *Smith*, 12 Vt. 150; *Morrow* v. *Wilson*, 30 Vt. 118; *Spiller* v. *Scribner*, 36 Vt. 245.

The opinion of the court was delivered by

ROSS, Ch. J.   The pleadings in this case have not been furnished.   We assume they are drawn so as to raise the question discussed.

The contention is in regard to what is conveyed by the mortgage sought to be foreclosed.   The description of the premises is in these words: "Being fifty acres of land in the southeasterly corner of lot number six in the tenth range, except one acre heretofore conveyed by Silas Black to Samuel Pratt; also a part of the west end of lot number five in said tenth range, lying west of the road; being all and the same farm and premises whereof my father, Silas Black, died seized and possessed, and estimated to contain sixty-five acres.   The said farm is bounded westerly and northerly by the Taylor farm, commonly so called, easterly by the road leading from said Taylor farm past my house, and southerly by the Pratt farm, so called."   The father died seized and possessed of a farm made up from three pieces, the two pieces first mentioned in the description of the deed, and a third piece which cornered on the larger of the two pieces on the southwest, containing seven and one-half acres.   The first two pieces answer and satisfy the particular description in the deed, in lot, in range, in number of acres, and in lands bounding them on the four sides.   In short, they answer and satisfy the description in every particular, except they do not cover *all* the farm whereof the father died seized and possessed.   To answer this general description the third piece must be added.   But if the third piece is added, its west end is left unbounded by that part of the description which names the lands bounding the entire premises.   It also lies south of the line dividing ranges ten and

eleven, and increases the number of acres beyond the number called for by the deed. The intention of the parties, as gathered from the language used when applied to the premises, controls, in giving construction to what is conveyed by a deed. In ascertaining such intention, when the particular and the general description do not coincide, effect must be given to the particular description, such as expressed by courses and distances, by permanent muniments, by lot and range, and by the adjoining, surrounding lands. It is less probable that the parties would make an unnoticed mistake in the particular than in the general description. In the particular description they aim at greater accuracy and greater certainty than in the general description. The general description is but a farther description of the same, and not other lands than those included in the more definite or particular description. The language of the description in the deed is analogous, and in legal effect, identical, with that construed in *Spiller* v. *Scribner*, 36 Vt. 245. It is there said: "It is a well settled principle that when the land conveyed is described in the deed by clear and well defined metes and bounds, so that the boundaries thereof can be thereby readily determined, such description shall prevail, and settle the boundaries of the land over any general words of description that may have been used in the deed, tending to enlarge or diminish the boundaries." See, also, *Gilman* v. *Smith*, 12 Vt. 150, *Hibbard* v. *Hurlburt*, 10 Vt. 173, *Morrow* v. *Willard*, 30 Vt. 118. This construction reverses the decree of the court of chancery, and excludes the seven-and-one-half-acre piece from the premises conveyed.

*Decree reversed, and cause remanded with a mandate.*