MARTIN C. HUNTLEY ET AL *v.* STEPHEN HOUGHTON ET AL.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 18, 1911.

*Deeds—Construction—Intent of Parties—Description—Particular and General —Conflict—Agreed Statement of Facts—Construction—Trespass—Title to Sustain Action—Final Judgment in Supreme Court—Judgment for Nominal Damages—Effect as Bar.*

When the particular and general description in a deed of the land thereby conveyed conflict, the former will control.

Defendant, having title to a farm consisting of 95 acres of land, deeded to him in 1883, and subject to an annual rent to a school corporation, and an adjoining 3½ acre tract, deeded to him in 1880, and subject to an annual rent of 63 cents to the same corporation, gave a bank a mortgage of all his real estate in that town, describing the real estate as the farm "owned and formerly occupied by" him, containing 100 acres more or less, and bounding it by lands of adjoining owners so as to include both pieces, which mortgage was foreclosed, the decree, wherein the description followed the mortgage, became absolute, and the bank thereafter conveyed the land to plaintiffs, describing it as the farm "formerly owned by" defendant, and bounding it by the lands of adjoining owners, thereby correctly describing the whole farm, but the deed further stated that the land was subject to an annual rent to said school corporation, and that the premises were the same con-

veyed to defendant in 1883, and referred to that deed for a more par-
ticular description. Until 1898 defendant paid said school corporation
the annual rent of 63 cents on the 3½ acre tract. *Held*, that in this
conflict between the particular and the general descriptions, the former
will control, and the deed to plaintiffs be construed as including the
3½ acre piece.

As between two equally natural and reasonable constructions of a deed
that should be adopted which is most favorable to the grantee.

The recital in an agreed statement of facts in an action of trespass on the
freehold, that eight years after defendant's interest in the land was
foreclosed he "entered upon" it without plaintiffs' leave and cut
and removed the hay therefrom, implies that defendant was out of
possession at the time of the entry.

One having the title to land and the right to the immediate possession
thereof may maintain an action of trespass on the freehold.

In trespass on the freehold for entering plaintiffs' close and cutting and re-
moving the hay therefrom, where the agreed statement of facts gives
the value of the hay cut and removed, and refers to no other element
of damage, this Court may, on reversing a judgment for defendant,
render judgment for plaintiffs for the value of the hay and their costs.

TRESPASS *quare clausum fregit*. Plea, the general issue.
Trial by court on an agreed statement of facts at the September
Term, 1909, Windham County, *Hall*, J., presiding. Judgment
*pro forma* for defendants to recover their costs. Plaintiffs
excepted. The opinion states the case.

*Cudworth & Pierce* for the plaintiffs.

Where the particular and general description in a deed con-
flict the former will control. *Spiller* v. *Scribner*, 36 Vt. 245;
*Cummings* v. *Black & Covell*, 65 Vt. 76; *Beach* v. *Stearns*, 1 Aik.
325; *Gilman* v. *Smith*, 12 Vt. 150; *Keenan et ux.* v. *Cavanaugh*,
44 Vt. 268; *Bundy* v. *Morgan*, 45 Vt. 46; *Grand Trunk Railway
Co.* v. *Dyer*, 49 Vt. 74; *Clement* v. *Bank of Rutland*, 61 Vt. 298;
*Fullam & Adams* v. *Foster & Jaquith*, 68 Vt. 590. It is also
well settled that a description by metes and bounds, or by a
reference to known monuments and boundaries, cannot be re-
stricted or enlarged by subsequent reference to the grantor's
title deeds. *Morrow* v. *Willard*, 30 Vt. 118; *Wilder* v. *Daven-
port Est.*, 58 Vt. 642; *Dana* v. *Middlesex Bank*, 10 Met. 250.

*F. C. Archibald* for the defendants.

The grant is made certain by the reference to the Mary B. G. Eddy deed and the statement that it is subject to the annual rental specified. A particular description will yield to a general description where the grant is made certain under the general description and is less than that under the particular description; *Cummings* v. *Brown*, 61 Iowa, 385; or where there is a clear intent to have the general control. *Dodge* v. *Nichols*, 5 Allen 548; *Foss* v. *Crisp*, 20 Pick. 121; *Laucheimer* v. *Saunders*, 27 Tex. Civ. App. 484. Calls for boundaries may be controlled by other words of description in a deed. *McCune* v. *Hull*, 24 Tex. 570.

HASELTON, J. This was an action of trespass on the freehold. The case was submitted to the county court on an agreed statement of facts; and on such statement judgment was rendered *pro forma* for the defendant. The plaintiff excepted.

In 1883, Mary B. G. Eddy conveyed to Stephen Houghton a certain farm in Londonderry containing, according to the description in the deed, about ninety-five acres, subject to an annual rent to the Londonderry Grammar School Corporation. In 1890, Frank P. Fuller conveyed to the same grantee a triangular piece of land of about three and a half acres adjoining the land conveyed by the Eddy deed. This triangular piece of land was subject to an annual rent of sixty-three cents. In 1896, Houghton and his wife gave the Factory Point National Bank a mortgage of all their real estate in Londonderry describing it as the farm "owned and formerly occupied" by them containing a hundred acres, more or less, and bounding it by the lands of adjoining owners. The three and a half acre piece was one corner of the farm so mortgaged. This mortgage was foreclosed by decree which became absolute December 11, 1900. The description in the decree followed the mortgage.

July 26, 1901, the Factory Point National Bank gave the plaintiffs a deed which the plaintiffs claim was a conveyance of the whole farm covered by the mortgage and decree; but which according to the defendants' claim did not convey the three

and a half acre piece, which is the piece to which this litigation relates.

The deed from the National Bank to the plaintiffs designated the land conveyed as the farm "formerly owned by Stephen Houghton," and, as we have seen, the three and a half acre piece had constituted a part of that farm. The deed bounded the farm on the north, south, east and west by lands of others, and this part of the description correctly describes the whole farm which the bank got under the decree in its favor, and is not a correct description if the premises conveyed by the bank to the defendants do not include the three and a half acre piece. The deed then goes on to say that the premises are subject to an annual rental payable to the Londonderry Grammar School Corporation, and that they are the same premises conveyed to Stephen Houghton by the Eddy deed of 1883, and to that deed and the record thereof reference is made for more particular description.

It will be seen that the parts of the description are inconsistent and the question is what are the controlling elements. While the reference to a former deed is in terms for a more particular description it is what the law terms a general description. *Cummings* v. *Black*, 65 Vt. 76. In construing the descriptive part of a deed the intention of the parties when it can be gathered therefrom is to govern and the general rule is stated in the case just cited in the following language: "In ascertaining such intention, when the particular and the general description do not coincide, effect must be given to the particular description, such as is expressed by courses and distances, by permanent muniments, by lot and range, and by the adjoining, surrounding lands. It is less probable that the parties would make an unnoticed mistake in the particular than in the general description."

We find nothing in this case to indicate that the general rule should not apply, but on the contrary we find several things which indicate that it should. If this National Bank had intended to reserve from its deed a part of the farm which it had acquired by foreclosure, it is difficult to understand how it should have described the farm by reference entirely to the lands of others. In describing the land as the farm formerly owned by

Stephen Houghton the grantor would naturally have had reference to the farm as it was at the times when it took its mortgage deed from Houghton and when it obtained its decree of foreclosure.

It appears that down to 1908 Houghton paid to the agent for the Londonderry Grammar School Corporation the annual rental of sixty-three cents on the three and half acre piece of land. But this fact does not aid the defendant; for beyond all question he had been foreclosed of his interest in the land, and there is nothing in the statement of facts to suggest that, at any time after conveying the Houghton farm to the plaintiffs, the bank in any way asserted, or suggested, or recognized that it had not conveyed the entire farm.

The principles of construction herein applied are well settled in this State. *Spiller* v. *Scribner*, 36 Vt. 245; *Hibbard* v. *Hurlburt*, 10 Vt. 173; *Morrow* v. *Willard*, 30 Vt. 118; *Cummings* v. *Black*, 65 Vt. 76, 25 Atl. 906; *Bundy* v. *Morgan*, 45 Vt. 46; *Wilder* v. *Davenport*, 58 Vt. 642, 5 Atl. 753; *Chapman* v. *Longworth*, 71 Vt. 228, 44 Atl. 352.

If, as we do not think, the intention of the parties to the deed is not resolved by the considerations already suggested then resort should be had to the principle that, as between two constructions equally natural and reasonable, that should be adopted which is most favorable to the grantee. *Mills* v. *Catlin*, 22 Vt. 98.

The plaintiffs treat the question of the construction of the deed to them from the National Bank as the only question in the case; but the defendants raise a question as to whether it appears that the defendant, Houghton, had ever been dispossessed of the land. We have seen that he was foreclosed of all his interest in the land in 1900; and the agreed statement recites that during the summer of 1908, that is nearly eight years later, the defendants, without leave of the plaintiffs, entered upon the land in question and cut and moved therefrom hay of the value of seven dollars. Whether or not this question of possession was spoken of below does not appear; but we think the statement that the defendants, in the summer of 1908, "entered upon" the land imports that at the time of such entry they were without possession. So the plaintiffs having title,

and, at least, the right of immediate possession were entitled to maintain this action of trespass. *Harris* v. *Haynes*, 34 Vt. 220; *Chesley* v. *Brockway*, 34 Vt. 550; *Robinson* v. *Douglass*, 2 Aik. 364, 368; *Langdon* v. *Templeton*, 66 Vt. 173, 181, 28 Atl. 866.

There must be a reversal of the *pro forma* judgment in favor of the defendants, and, since the agreed statement of facts gives the value of the hay cut and refers to no other element of damage to the plaintiffs, we have an approximately accurate basis on which to render judgment for the plaintiffs. Accordingly,

*The pro forma judgment is reversed and judgment is rendered for the plaintiffs to recover of the defendants the sum of seven dollars and their costs.*