DAVID S. PARROW AND MAUDE G. PARROW *v.*
ALBERT EDWARD PROULX.

May Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 1, 1940.

*Joseph A. McNamara* and *Robert W. Larrow* for the defendant.

*M. G. Leary* and *M. G. Leary, Jr.*, for the plaintiffs.

SHERBURNE, J. This is an action of tort based upon P. L. 8555 for the wilful and malicious removal of an alleged boundary fence and markers. Verdict and judgment were for the

plaintiffs, and the case comes here upon defendant's exceptions.

The plaintiffs and defendant's wife are adjoining owners of lots on the westerly side of the Malletts Bay road in Colchester, and derive their respective titles from a common source, Josephine Pagel and Marie Levesque, who held title to same in one parcel of about four acres. The southerly line of this parcel, which was also the northerly line of the land of Fred Richard, intersected this road at an angle of 64°13', and the westerly line was parallel to the road.

In 1925 Pagel and Levesque leased to the Standard Oil Company of New York a strip of land at their south-east corner, having a frontage on the Malletts Bay road of 206.2 feet and a depth of 100 feet, and bounded on the north by a line at right angles to this road. By a warranty deed, dated April 8, 1929, in the covenant and warranty clauses of which the Oil Company lease was expressly excepted, they conveyed to Helen F. and Maurice H. Chausse a piece of land, therein described as follows:

> "Being the land and premises consisting of about two acres, having a frontage of about 204 feet with four room cottage thereon, together with all rights and title in land occupied by Standard Oil Co. under contract. Said land and cottage are situated on the westerly side of Malletts Bay Road, so-called, leading from Burlington, Vermont, to Malletts Bay, said land has a frontage on the westerly side of said Malletts Bay Road of 204 feet and is bounded on the north by land of said Josephine Pagel and Marie L. Levesque and on the south by land of Fred Richard and extends westerly to the westerly line of said Pagel and Levesque property and bounded on the east by said Malletts Bay Road and contains about two acres, be the same more or less. The easterly part of said lot of land hereby conveyed with a frontage of 204 feet and 125 feet in depth is under contract of lease by the Standard Oil Company of New York, said lot of land is a part of the same lot of land that was conveyed to said Josephine Pagel and Marie L. Levesque by Robert B. and Anna D. Miller by their deed of warranty dated Aug. 31, 1922, and of record in the Town Clerk's office of said Town of Colchester. Reference being made to said deed in aid hereof."

After the defendant's wife had obtained title to this lot from the Chausses in 1932, and before the remainder of the four acre parcel had been sold, Mrs. Levesque erected an iron fence on the line of markers which had been set by the Oil Company at each end of its north line to mark its corners. Such fence was also extended a few feet farther west along the same course until the supply of fence posts ran out. On April 21, 1937, Mrs. Levesque, who then owned the remainder of the four acre parcel, conveyed such remainder to plaintiff's grantor, by a warranty deed in which the lot conveyed to the Chausses was excepted and described as consisting ''of two hundred and four feet frontage on said Malletts Bay Road, with a straight line extending to the rear of said lot.'' The above markers and fence are the ones here involved.

The court charged that the construction of the Chausse deed was for the court, and instructed the jury that the northerly line of the lot conveyed in that deed was identical with the northerly line of the lot leased to the Oil Company for the distance of 100 feet from the road. To this the defendant excepted.

The intention of the parties, as gathered from the language used when applied to the premises, controls in giving construction to what is conveyed by a deed. *Cummings* v. *Black & Covell*, 65 Vt. 76, 25 Atl. 906. In ascertaining such intention, when the particular and general description do not coincide, effect must be given to the particular description, such as expressed by courses and distances, by permanent monuments, by lot and range, and by the adjoining, surrounding lands, under the principle that when the land conveyed is described by clear and well defined metes and bounds, so that the boundaries thereof can be thereby readily determined, such description shall prevail, and settles the boundaries over any general words of description that may have been used in the deed, tending to enlarge or diminish the boundaries. *Cummings* v. *Black & Covell*, *supra;* *Spiller* v. *Scribner*, 36 Vt. 245; *Clement* v. *Bank of Rutland*, 61 Vt. 298, 305, 17 Atl. 717, 4 L. R. A. 425; *Huntly* v. *Houghton*, 85 Vt. 200, 203, 81 Atl. 452; *Cutler Co.* v. *Barber*, 93 Vt. 468, 473, 108 Atl. 400; *McDonough* v. *Hanger*, 94 Vt. 195, 198, 111 Atl. 452. The correctness of the court's charge depends upon whether the Chausse deed shows an intention to adopt the

northerly line of the Oil Company lot as a particular description of a part of the northerly line of the land conveyed.

Had Mrs. Levesque had sufficient posts to complete the fence in the course of the north line of the Oil Company lot it would have intersected the Richard's north line a few feet east of the west line of the four acre parcel, and would have left the defendant's wife a triangular lot containing only 1.01 acres. If her north line intersected any part of the west line of the four acre parcel, as it must according to the description in the Chausse deed, it follows that her north line could not have been a straight line if it followed the course of the north line of the Oil Company lot for 100 feet. In order to enclose two acres with a straight northerly line from the road to the westerly line of the four acre parcel, a survey shows that her lot must be bounded on the west by such westerly line for a distance of 148.5 feet. On such survey the north line meets the road at a point 204 feet north of Richard's north-east corner, or a little south of the Oil Company's north-east corner, and then takes a course somewhat northerly of the oil company's north line. On such a survey, although at the road the entire easterly line of a two acre plot is within the Oil Company lot, as the plot extends westerly it includes a little triangular piece of land to the north of the Oil Company lot, so that to the depth of that lot that lot does not comprise all the land within the surveyed two acres. If the intention was to convey two acres and to have the Oil Company lot to its depth comprise all the easterly part of the plot conveyed, then it would be necessary for the north line to have an angle in it and to intersect the west line of the four acre parcel farther north than the point shown on the survey.

It must be noted that the deed does not give the dimensions of the Oil Company lot accurately, it says nothing about the north line of that lot being at right angles to the road, and it does not refer to the lease for a description. So far as the bounds of the Oil Company lot are given in the deed they do not conflict with the survey above referred to.

Had the deed located the north line the words "about two acres" and "about two acres, be the same more or less" would have been mere matter of description, and the boundaries would control the quantity actually conveyed. *Wilder* v. *Davenport's Est.*, 58 Vt. 642, 646, 5 Atl. 753; *Beach* v. *Stearns*, 1 Aik.

325; *Gilman* v. *Smith,* 12 Vt. 150. As said in 16 Am. Jur., Deeds, sec. 289, "Quantity is regarded as the least reliable of all descriptive particulars in a conveyance and yields to calls for monuments, as well as to courses and distances, unless there is a clear intent to convey a certain quantity. Generally, it may be said that a description which enables the boundaries to be determined will pass all the land and only the land within those boundaries, notwithstanding the call for quantity differs from the actual area of such land. This principle is especially operative where the land is represented to contain a certain number of acres 'more or less.' " But the quantity described may also be essential and may have a controlling influence in determining the identity of the premises where the other parts of the description are not sufficiently certain. 8 Am. Jur., Boundaries, sec. 63; *Ainsa* v. *United States,* 161 U. S. 208, 40 L. ed. 673, 16 Sup. Ct. 544. The words "more or less" and the word "about", used in connection with quantity or distances, are words of safety and precaution. They are intended to cover some slight or unimportant inaccuracy, and while enabling an adjustment to the imperative demands of fixed monuments, they do not weaken or destroy the statements of distance and quantity when no other guides are furnished. *Oakes* v. *DeLancey,* 133 N. Y. 227, 30 N. E. 974, 28 Am. St. Rep. 628; *Russo* v. *Corideo,* 102 Conn. 663, 129 Atl. 849; *Ingelson* v. *Olson,* 199 Minn. 422, 272 N. W. 270, 110 A. L. R. 167; *Sowles* v. *Minot,* 82 Vt. 344, 357, 73 Atl. 1025, 137 Am. St. Rep. 1010; *Johnson* v. *Pannel,* 2 Wheat. 206, 4 L. Ed. 221; *Blaney* v. *Rice,* 20 Pick. (Mass.) 62, 32 Am. Dec. 204; 4 Thompson on Real Property, sec. 3155; 8 Am. Jur., Boundaries, sec. 63. But these words may be considered equivalent to a suggestion that the north line in the Chausse deed was located by some monument, or monuments, upon the ground, to stand as the line intended, in place of a line which would enclose exactly two acres. *Blaney* v. *Rice, supra; Ingelson* v. *Olson, supra.*

In view of the foregoing it cannot be said with any degree of certainty that it was intended that the Oil Company lot to its depth should be the entire easterly part of the Chausse lot, and that the north line of the Oil Company lot should be adopted as a part of the north line of the lot conveyed, as plaintiffs claim. It is as reasonable to suppose that the description of the Oil Com-

pany lot as given was intended merely as a general location of the incumbrance upon the parcel conveyed, and for that purpose it was sufficiently accurate. It follows that it cannot be said as a matter of law that the north line of the Oil Company lot was a part of the north line of the parcel conveyed, as the court in effect charged. This exception is sustained.

At the close of the plaintiffs' opening evidence, defendant moved for a directed verdict. The motion was overruled, and exception noted. Thereupon defendant introduced evidence in defense of the action, but did not renew his motion at the close of all the evidence in the case. By so introducing evidence, the defendant waived his exception previously noted to the overruling of his motion. *D'Orazio* v. *Pashby,* 102 Vt. 480, 484, 150 Atl. 70.

*Judgment reversed and cause remanded.*