## Edmund A. Basso et al v. Charles L. Veysey et al

[110 A2d 706]

May Term, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion filed October 5, 1954.

Opinion on motion for reargument filed January 4, 1955.

*Bove, Billado & Dick* for the defendants.

*Miles & Ainsworth* for the plaintiffs.

**Adams, J.** This is an action for breach of warranty in a deed. The gist of the action is an allegation by the plaintiffs that the defendants conveyed to the plaintiffs by warranty deed a certain parcel of land in Springfield and that the plaintiffs were evicted from a portion of the land and that the defendants had no title to that portion of the land from which the plaintiffs were evicted.

Trial was by jury. At the close of all of the evidence the plaintiffs made a motion for a directed verdict for them on the question of liability. The defendants made a motion for a directed verdict for them. The court denied the motion of the defendants and granted the motion of the plaintiffs. The case was submitted to the jury on the question of damages only. The case is here on the exceptions of the defendants to this action of the trial court.

The question at issue is the southerly boundary of the land as it was described and conveyed in the deed by the defendants to the plaintiffs. In this opinion it will be necessary to refer to certain deeds that were exhibits at the trial below, so for convenience we will list the pertinent parts of them in that manner and then refer to them as such.

Plaintiffs' Exhibit 1

"Being all and the same premises conveyed by Ronald L. Veysey to ourselves the said Charles L. Veysey and Grace H. Veysey, by warranty deed dated October 28, 1950, and recorded in Vol. 52, Page 496 of the Springfield Land Records.

Reference also may be had to a deed from New England Box Company to Mary H. Veysey and Ronald L. Veysey dated May 25, 1946, and recorded in Vol. 51, Page 231 of the Springfield Land Records, also another deed of the same parties of the same date but acknowledged July 2, 1948 recorded in Vol. 51, Page 374 of the Springfield Land Records.

Reference may also be had to a quit-claim deed from Henry H. Veysey, Charles L. Veysey, Hollis B. Veysey, Zelma R. Veysey, Edwin C. Veysey, Allen Veysey and Velma M. Town to Ronald L. Veysey dated September 19, 1950 recorded in Vol. 53, Page 33-34 of the Springfield Land Records.

This conveyance includes the same right of way, and is conveyed subject to the same spring, water rights and privileges reserved, all in the deed from New England Box Company to Ronald L. Veysey and Mary M. Veysey dated May 25, 1946 and recorded in Vol. 51, Page 374 of Springfield Land Records.

All of said deeds are referred to for a more particular description.

Said premises comprising a pasture or wood lot of about 100 acres, be the same more or less."

The deed, exhibit 1, is the deed in question. It is dated August 28, 1951 and the description therein is the one above quoted.

Plaintiffs' Exhibit 2.

This deed from Ronald L. Veysey to Charles L. Veysey and Grace H. Veysey, dated October 28, 1950 as set forth in paragraph one of exhibit 1, contains the following description:

"Being all and the same premises conveyed to the said Ronald L. Veysey by Henry H. Veysey and

others by quit-claim ·deed dated September 19, 1950 and recorded in Book 53, Page 33-34 of the Springfield Land Records.

Said premises are bounded northerly by the so-called Lane Road leading from the Connecticut River Road to the Randall Hill Road; westerly by premises now or formerly owned by· Henry H. Veysey; southerly by the premises of the New England Power Company right of way and easterly by the New England Telephone and Telegraph Company right of way. Containing one hundred acres more or less."

### Defendants' Exhibits A and B.

These are the two deeds mentioned by reference in paragraph two of exhibit 1. They contain the following descriptions

"It being a portion of the premises which was conveyed by A. Charlena Dent to the said Wallis L. Fairbanks by warranty deed dated May 10, 1939, and recorded in Vol. 45, Page 327 of Springfield Land Records.

The premises hereby conveyed are described as situate westerly of U. S. Route No. 5, in said Springfield, and comprise a timber lot, and are bounded on the northerly by the center of the highway leading up Gravel Brook toward the Bush School House, and premises now or formerly of B. W. Kierstead; on the easterly by the right of way of the New England Telephone and Telegraph Co., southerly by premises of John Moroney; .and westerly by premises of Mary M. Veysey."

The plaintiffs claim that the southerly boundary of the land conveyed to them by exhibit 1 is the New England Power Company right of way as set forth in the second paragraph of exhibit 2. The defendants claim that it is the land of John Moroney as set forth in the second paragraph of exhibits A and B. This latter line is northerly of the one claimed by the plaintiffs and the disputed tract contains 41 acres plus.

■ Both parties are agreed as to the location on the ground of the two claimed southerly boundaries of the land

as called for by exhibit 1. Therefore, the construction of this deed and its legal effect as to the southerly boundary is a question of law and it was properly treated as such by the trial court. *Viall* v. *Hurley*, 94 Vt 410, 416, 111 A 395, and cases cited.

The intention of the parties, as gathered from the language used when applied to the premises, controls in giving construction to what is conveyed by a deed. In ascertaining such intention, when the particular and the general description do not coincide, effect must be given to the particular description, such as expressed by courses and distances, by permanent monuments, by lot and range, and by adjoining, surrounding lands, under the principle that when the land conveyed is described by clear and well defined metes and bounds, so that the boundaries thereof can be thereby readily determined, such description shall prevail, and settles the boundaries over any general words of description that may have been used in the deed, tending to enlarge or diminish the boundaries. *Parrow* v. *Proulx*, 111 Vt 274, 277, 15 A2d 835, and cases cited.

It follows in accordance with the foregoing principles that the southerly boundary of the land described and conveyed by exhibit 2 is the New England Power Company right of way. Does the language used in exhibit 1 show an intention to adopt that as the southerly boundary of the land described and conveyed by that deed?

When another deed is referred to for a description of the premises conveyed, the deed referred to is regarded as of the same effect as if it had been copied into the deed itself, and whatever is described in it will pass. *Lippett* v. *Kelley*, 46 Vt 516, 523; *Chapman* v. *Longworth*, 71 Vt 228, 229-230, 44A 352.

When a deed contains a particular description and also a reference to a deed, the reference is regarded as a general description. When the particular and the general description do not coincide, effect must be given to the particular description. *Huntley* v. *Houghton*, 85 Vt 200, 203, 81 A 452; *Cutler*

*Co.* v. *Barber,* 93 Vt 468, 473-474, 108 A 400; *Parrow* v. *Proulx,* *supra.*

The plaintiffs claim that exhibit 1 contains a particular description of the land conveyed and it therefore fixes the southerly boundary of the land as the New England Power Co. right of way as is set forth in exhibit 2. We agree. Paragraph one of exhibit 1 describes the premises as "Being all and the same premises conveyed by" a certain deed. It then names the parties to the deed, its date and the volume and page where it is recorded in the land records. It does more than incorporate the description in that deed into exhibit 1 by simply referring to it for a more particular description. By its terms it actually conveys the premises conveyed to "ourselves", the grantors by the deed, exhibit 2. This description in its legal effect is just as definite, although not as particular, as it would have been if the lines had been given as set forth in exhibit 2. This is analogous to the holding in *Spiller* v. *Scribner,* 36 Vt 245. There the description in the deed was "being lots No. 22 and 23 in the second division of lots in said Chelsea, and is all and the same land we now occupy and improve as our home farm, with all buildings, etc." It was held that this description was in its legal effect according to the lot lines of such lots as established in the original division of the town, though the occupancy of the grantors of their home farm was different. In the instant case the description in exhibit 1 by setting forth the data in regard to the particular deed which is exhibit 2, which becomes a part of exhibit 1, conveying the same premises as in exhibit 2, fixes the southerly boundary of the premises at the New England Power Co. right of way. This particular description controls over any general description by other references in exhibit 1.

■ ■ The defendants call attention in their brief to the sentence in exhibit 1, where it states: "Said premises comprising a pasture or wood lot of about 100 acres, be the same more or less." They strongly urge because the land, if bounded on the south by land of John Moroney contains 100 acres, plus or minus, but if bounded on the south by the New England Power Co. right of way contains an additional 41 acres plus,

that the acreage call in exhibit 1 should control because the description in exhibit 1 is inconsistent and uncertain. What we have said in regard to exhibit 1 containing a particular description disposes of this claim. There can be added, however, the rule that quantity is regarded as the least reliable of all descriptive particulars in a conveyance and yields to calls for monuments, as well as courses and distances, unless there is an intent to convey a certain quantity. Generally it may be said that a description which enables the boundaries to be determined will pass all the land and only the land within those boundaries notwithstanding the call for quantity differs from the actual area of such land. *Parrow* v. *Proulx*, 111 Vt at page 280, 15 A2d 835. It can also be said that the description in exhibit 2 where the southerly boundary is definitely set forth as the New England Power Co. right of way also says, "Containing one hundred acres more or less."

There was no error in granting the plaintiffs' motion for a verdict in their favor as to liability.

*Judgment affirmed.*

## ON MOTION FOR REARGUMENT

■ **Adams, J.** The purpose of a motion for reargument is to point out matters presented in the briefs and relied upon in the original argument which it is thought were overlooked or misapprehended by the Court in reviewing the case. *Horicon* v. *Langlois Estate*, 115 Vt 81, 89, 52 A2d 888, and cases cited. The defendants claim in their motion that the court misapprehended the issue and erred in holding that paragraph 1 of the deed in question [Exhibit 1] is a particular description.

The opinion shows clearly that this was the claim of the plaintiffs and the issue and then the reason for the result reached. We gave due and careful consideration to all matters presented in the brief of the defendants and on oral argument in opposition to that claim. The present motion does not call our attention to any material question or claim that was overlooked or misapprehended.

The cases relied upon by the defendants in their original brief and now relied upon in support of their motion were

carefully considered. Several of them are cited in the opinion. The descriptions in the deeds in those cases are distinguishable from the one under consideration here and they do not sustain the defendants' position. We see no reason to alter the result already announced.

*Motion for reargument denied. Let full entry go down.*